*44 OPINION.
Murdock:
The petitioner’s books of account were not offered in evidence, but we assume that they were kept on an accrual basis. The petitioner’s counsel contended at the hearing that in consideration of the return of its notes in the amount of $31,901.03, it gave stock which had cost it $16,000 and services worth more than $32,000.
He also contended that the stock given was worth $24,000 at the time it was transferred. The Commissioner has taxed the transaction as if stock which cost $16,000 had been sold' for $31,901.03. In our opinion it is immaterial which of these theories is correct, as the petitioner’s profit or income is $15,901.03 under each. Either it sold stock at a profit of $15,901.03, or it sold stock and was paid for services in one transaction from which it had income and/or profit in the total amount of $15,901.03.
The principal argument made in the petitioner’s brief is that there was no profit because the transaction was in reality the forgiveness of an indebtedness. It is there contended that the petitioner originally got nothing of value from the Old Company for which it gave the Old Company its notes; neither company regarded the notes as representing a true liability and did not enter them on its books; and the notes had no fair market value at the time they were returned to the petitioner. In our opinion the evidence does not warrant findings of fact to support these contentions. Furthermore, there was no forgiveness of indebtedness when the petitioner’s notes were returned to it. The petitioner gave value for what it got and it received a valuable consideration for what it gave. It had a gain derived from capital, from labor, or from both combined. Eisner v. Macomber, 252 U. S. 189. A solvent corporation had its outstanding notes in the amount of $31,901.03 returned to it for some services performed and/or some stock which cost it $16,000. It does not matter if, as contended by the petitioner, these notes were originally given for a capital asset. We are not particularly concerned with the original transaction nor with the proper treatment of what was acquired in that transaction. It is sufficient for present purposes to know that after the petitioner received its own notes, it had income or a profit amounting to $15,901.03 which it has never reported for tax purposes and which it could not have reported properly at any other time.

Judgment will be entered for the respondent.